UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION


CLARENCE E. BLANKINSHIP JR. et al.,

       Plaintiffs,

                                    File No.  2:06-CV-267

v.

                                      HON. ROBERT HOLMES BELL

BPB MANUFACTURING INC.,

       Defendant.

_____/


## **O P I N I O N**

       This matter is before the Court on Plaintiffs Clarence E. Blankinship Jr. and Mavis

A. Blankinship's motion to dismiss for lack of subject-matter jurisdiction, which the Court

will construe as a motion to remand.[1]  (Dkt. No. 36, Mot. to Remand.)  Defendant BPB

Manufacturing Inc. removed this case to federal court from Baraga County Circuit Court

based on this Court's diversity jurisdiction.  (Dkt. No. 1, Notice of Removal.)  The parties

agree that there is complete diversity among the parties; however, Plaintiffs contend that the

amount-in-controversy is less than $75,000.  For the reasons that follow, the Court will grant

Plaintiffs' motion to remand.

## **I.**

       Plaintiffs are the trustees of the Blankinship Family Living Trust dated July 8, 1998

_____

      [1]Although Plaintiffs' titled their motion as a motion to dismiss for lack of subject-matter jurisdiction, the remedy Plaintiffs seek is remand to Baraga County Circuit Court. (Mot. to Remand 3.)

(the "Trust").  The Trust owns real property (the "Trust Property") in L'Anse Township, Baraga County, Michigan.  (Dkt. No. 1, Att. A, Compl. ¶ 3.)  Plaintiffs allege that since approximately 1965, they and their predecessors have accessed the Trust Property via a roadway (the "Roadway") across Defendant's real property.  Plaintiffs contend that as a result of this use they have acquired a prescriptive easement to the Roadway.  Plaintiffs allege that in approximately 2001, Defendant placed a gate across a portion of the Roadway and provided Plaintiffs with keys to the gate.  Plaintiffs allege that in 2005 or 2006, Defendant changed the lock on the gate and barricaded the Roadway.   Plaintiffs seek $25,000 to 50,000 in damages and a declaration that they have a prescriptive easement to the Roadway.

## II.

The federal courts are courts of limited jurisdiction that may exercise only those powers authorized by the Constitution and by statute.  *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).  "Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant."  *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987) (footnote omitted).  As the party asserting the Court's jurisdiction, Defendant has the burden of proving that the Court has subject-matter jurisdiction.  *See McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936); *Walburn v. Lockheed Martin Corp.*, 431 F.3d 966, 970 (6th Cir. 2005).  "'The existence of subject matter jurisdiction is determined by examining the complaint as it existed at the time

of removal.'" *Harnden v. Jayco, Inc.*, 496 F.3d 579, 581 (6th Cir. 2007) (citing *Harper v. AutoAlliance Intern., Inc.*, 392 F.3d 195, 210 (6th Cir. 2004)).  "[A]ll doubts should be resolved against removal." *Id.* (citing *Eastman v. Marine Mech. Corp.*, 438 F.3d 544, 549-50 (6th Cir. 2006)).

Defendant's burden of proof includes establishing that the amount-in-controversy requirement of 28 U.S.C. § 1332(a) is satisfied. *Gafford v. Gen. Elec. Co.*, 997 F.2d 150, 155 (6th Cir. 1993). "Normally, 'the sum claimed by the plaintiff[s] controls,' [*Gafford*, 997 F.2d at 156], but where plaintiffs seek 'to recover some unspecified amount that is not self-evidently greater or less than the federal amount-in-controversy requirement,' the defendant satisfies its burden when it proves that the amount in controversy 'more likely than not' exceeds $75,000, *id.* at 158." *Everett v. Verizon Wireless, Inc.*, 460 F.3d 818, 822 (6th Cir. 2006).  The amount of damages sought by Plaintiffs ($25,000 to 50,000) is insufficient to satisfy the amount-in-controversy requirement; however, Defendant offers two bases for exceeding the $75,000 threshold.

Defendant's first basis for exceeding the $75,000 threshold is that the Court can evaluate the value of the declaratory judgment sought by Plaintiffs from the perspective of either Plaintiffs or Defendant.  "In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation." *Hunt v. Wash. State Apple Adver. Comm'n*,  432 U.S. 333, 346-47 (1977) (citations omitted).  With regard to the perspective from which the value of declaratory or

injunctive relief should be valued, "courts have generally taken three approaches: (1) the value from the plaintiff's point of view; (2) the value from the defendant's point of view; and (3) the value from either viewpoint." *Southern States Police Benevolent Assoc., Inc. v. Second Chance Body Armor, Inc.*, 336 F. Supp. 2d 731, 734 (W.D. Mich. 2004) (citing *Farkas v. Bridgestone/Firestone, Inc.*, 113 F. Supp. 2d 1107, 1113 (W.D. Ky. 2000)). The Sixth Circuit has not resolved this question. *Olden v. LaFarge Corp.*, 383 F.3d 495, 503 (6th Cir. 2004). In fact, "[t]he federal courts are divided as to the proper perspective to use in determining the amount in controversy." *Nelson v. Assocs. Fin. Servs. Co. of Ind.*, 79 F. Supp. 2d 813, 818 (W.D. Mich. 2000) (citing *Ericsson GE Mobile v. Motorola Commc'ns*, 120 F.3d 216, 218 (11th Cir. 1997)). The majority of federal courts, however, assess the amount-in-controversy from the plaintiff's perspective. 15 James Wm. Moore et al., *Moore's Federal Practice* § 102.109[3] (3d ed. 2008).

Defendant contends that the cost to Defendant of the prescriptive easement for the Roadway can be used to establish that the amount-in-controversy exceeds $75,000. In support of this contention, Defendant directs the Court to *Foundation for Interior Design Education Research v. Savannah College of Art and Design*, 39 F. Supp. 2d 889 (W.D. Mich. 1998), *aff'd on other grounds*, 244 F.3d 521 (6th Cir. 2001), in which the Court stated that the "amount-in-controversy in a declaratory judgment action may be measured by 'the pecuniary result to either party which that judgment would produce.'" *Id.* at 895 (quoting *Gov't Employees Ins. Co. v. Lally*, 327 F.2d 568, 569 (4th Cir. 1964)). The Court in

*Foundation for Interior Design Education Research* stated that the amount-in-controversy was satisfied from the perspective of either party. *Id.* Thus, in *Foundation for Interior Design Education Research* the Court had subject-matter jurisdiction based on the amount-in-controversy when the value of the declaratory judgment was viewed from the plaintiff's perspective. The Court's conclusion that the amount-in-controversy was also satisfied when the declaratory judgment was viewed from the defendant's perspective was not necessary for the Court to have subject-matter jurisdiction.

In *Nelson* the Court reached a result contrary to *Foundation for Interior Design Education Research* and concluded that in the context of a class-action, the amount-in-controversy should be assessed from the plaintiff's perspective. *Nelson*, 79 F. Supp. 2d at 818. More recently, in *Southern States*, the Court surveyed the approaches taken by district courts in the Sixth Circuit as to which parties' perspective should be used to assess the amount-in-controversy and evaluated those approaches in consideration of the Sixth Circuit's decisions in *Pennsylvania Railroad Co. v. City of Girard*, 210 F.2d 437 (6th Cir. 1954), and *Goldsmith v. Sutherland*, 426 F.2d 1395 (6th Cir. 1970). *Southern States*, 336 F. Supp. 2d at 734-36. The Court in *Southern States* concluded that the "rule in the Sixth Circuit is that a request for injunctive relief must be valued from the plaintiff's viewpoint in determining the amount in controversy." *Id.* at 736. Therefore, the Court will assess the amount-in-controversy from Plaintiff's perspective in consideration of the Court's prior adoption of the plaintiff's viewpoint rule in *Nelson* and *Southern States*, and the fact that in

*Foundation for Interior Design Education Research* the Court had subject-matter jurisdiction independent of considering the amount-in-controversy from the defendant's perspective.

Defendant's second basis for exceeding the $75,000 threshold is that from Plaintiffs' perspective, the $75,000 threshold is exceeded by the sum of Plaintiffs' request for damages and the value of the prescriptive easement to Plaintiffs.  Plaintiffs state their damages to be between $25,000 and $50,000.  (Compl. ¶ 12.B; Mot. to Remand. ¶ 7;  Mot. to Remand, Ex. A, Clarence E. Blankinship Jr. Dep. 67:5-69:3; Mot. to Remand, Ex. B, Mavis A. Blankinship Dep. 42:16-23.)  Thus the Court must determine whether Defendant has met its burden of showing that it is more likely than not that the prescriptive easement is worth more than $25,000 to Plaintiffs.  Although Defendant offered affidavits in support of the costs that it will incur if the prescriptive easement is recognized, Defendant has not offered any evidence with regard to the value of the prescriptive easement to Plaintiffs.  Defendant asserts, without any evidence, that Plaintiffs' property is landlocked and that the only means of ingress and egress is the Roadway.  Defendant contends that in the absence of the prescriptive easement the Trust Property is inaccessible and effectively without value.  The only evidence in the record that remotely addresses whether the Trust Property can be accessed by means other than the Roadway is an e-mail from Chetwood Van Aken, who is a plant manager for Defendant.  (Compl., Att., E-mail from Chetwood Van Aken, Plant Manager, BPB Manufacturing, to Emily Klein and Chris Heikkinen (Oct. 5, 2006, 8:44

a.m.).)  Mr. Van Aken's e-mail can be read to indicate that the Trust Property can be accessed by means other than the Roadway.  (*Id.* ("If [the Plaintiffs] were to access their property from another direction they could cross the bridge and have unlimited access to our property.").)  Thus, the only evidence in the record suggests that the Trust Property can be accessed by means other than the Roadway.  In the absence of any evidence as to the value of the Trust Property,[2] the means of accessing the Trust Property, and the value of the prescriptive easement to Plaintiffs, Defendants have not sustained their burden of showing that it is more likely than not that the sum of Plaintiffs' damages and the value of the prescriptive easement, from Plaintiffs' perspective, exceeds $75,000.

### III.

Defendant removed this matter to federal court based on the Court's diversity jurisdiction.  Although the complete diversity requirement is satisfied, Defendant has not met its burden of showing that the amount-in-controversy requirement is satisfied.  Consequently, the Court lacks subject-matter jurisdiction and this case will be remanded to Baraga County Circuit Court.  An order will be entered consistent with this opinion.

Date:    July 18, 2008            /s/ Robert Holmes Bell
                                   ROBERT HOLMES BELL
                                   UNITED STATES DISTRICT JUDGE

---

[2]Although the deed for the Trust Property is attached to the complaint, it does not contain a value or purchase price for the Trust Property.  (Compl., Att., Trust Property Deed (omitting the value of the property based on M.C.L. § 207.505(a)).)  *See* M.C.L. § 207.505(a) (exempting real property transfers made for consideration less than $100.00 from the requirement that a written instrument recording the sale of real property state the total value of the real property).